**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10844
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANNY JAY LYERLA, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:05-CR-195-12)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lanny Jay Lyerla, Jr., was charged in a multi-count indictment with drug and firearm-related offenses. He appeals his conviction for Count 5 of the indictment, arguing that the evidence was insufficient to convict him of possession with intent to distribute more than 500 grams of a mixture containing methamphetamine. Lyerla also challenges the amount of drugs attributed to him in calculating his sentences, because not all of the drugs were alleged in the indictment and proven to the jury, and because he was not allowed to confront Jose Amaya, whose

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statement was used in the presentence report (PSR) to calculate the drugs attributable to Lyerla.

Lyerla argues that the evidence was insufficient to show that he knowingly possessed the drugs seized from a Dallas hotel room. The evidence introduced at trial indicated, however, that Lyerla was the only person in the room when a law enforcement officer arrived and that Lyerla himself pointed out the location of the drugs in the room. Thus, Lyerla knowingly possessed the drugs. See United States v. Cardenas, 9 F.3d 1139, 1158 (5th Cir. 1993). The evidence also indicated that a large quantity of drugs was kept in separate ziploc bags. The jury could reasonably conclude that the drugs were not for Lyerla's personal use. See United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992). We affirm Lyerla's conviction on Count 5.

We review the sentencing court's factual findings for clear error and its "interpretation and application of the sentencing guidelines de novo." United States v. Gonzales, 436 F.3d 560, 584 (5th Cir. 2006). "The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). "As a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to

2

demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002); see United States v. Lopez-Urbina, 434 F.3d 750, 767 (5th Cir. 2005). Lyerla failed to present any evidence to rebut Jose Amaya's statement, contained in the PSR, that Amaya provided Lyerla with 907.2 net grams of methamphetamine. Lyerla's argument that those drugs had to be alleged in the indictment and proved to a jury is an incorrect statement of the applicable law. See id. Moreover, "there is no Confrontation Clause right at sentencing." United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999). Crawford v. Washington, 541 U.S. 36 (2004), is inapposite. Crawford addressed a defendant's rights under the Confrontation Clause during a criminal trial, not sentencing. See Crawford, 541 U.S. at 38-40. As Lyerla has not shown that the district court's calculation of the quantity of the drugs attributable to him was clearly erroneous, his challenge fails.

Lyerla's conviction and sentences are AFFIRMED.